**Commonwealth v. Shady**

768

*Frederick D. Lingle, District Attorney,* for Commonwealth.
*Merritt E. McKnight,* for defendant

BROWN, *P.J.,* July 14, 1980—On April 24, 1980 defendant entered a plea of guilty to the charge of harassment, a summary offense, and as part of the sentence imposed that date, defendant was ordered to pay restitution to the victim William Charles Council in an amount to be determined by Clinton County Adult Probation Services. The underlying circumstances of the offense indicate that some form of physical contact occurred between defendant and the victim on December 10, 1979 in Beech Creek Township as a result of the victim's allegedly poaching on a deer hunting drive being conducted by defendant's camp.

In connection with restitution the victim has submitted a rather sizable claim wherein he is claiming loss of income in the amount of $1,886, attorney's fees $50, doctor's fees $37 and prescription expenses $8.19. The total of these claims is $1,981.19. With regard to the medical expenses totalling $45.19 there is no dispute and defendant has agreed that they should be paid.

With regard to attorney's fees in the amount of $50, defendant disputes the propriety of those as a

restitution expense. The award of attorney's fees in any litigation is dependent upon statutory authority from the legislature, and the general rule in Pennsylvania is that such attorney's fees are not awarded unless authorized by statute. The victim has cited no such statutory authority for the payment of attorney's fees, and accordingly, without inquiring into why they were occasioned, the court must deny that request.

The final item of lost income in the amount of $1,886 has apparently been computed by comparing the victim's earnings for the five months following the December 10, 1979 incident with his earnings during the same five months of the previous year. While the exact nature of the victim's injuries has never been disclosed to the court, the amount of medical bills involved would suggest that the injuries were not severe in nature and had no long standing effects on the victim. Defendant's main objection to the ordering of restitution for the lost income relates to the issue of whether that loss of income was occasioned by the injuries received by the victim or was occasioned by a poor economic climate which affected the victim's occupation as an automobile salesman.

While the court is authorized to make restitution under section 1321 of the Crimes Code, 18 Pa.C.S.A. §1321, that restitution is limited under section 1321(c) to compensation for the victim for damage or injury sustained as a result of defendant's criminal conduct. The lost income being claimed by the victim in all probability does not come within this category since there is a legitimate issue as to whether the lost income was in fact caused by the criminal conduct or by poor economic conditions affecting the victim's occupation. Restitution in a criminal case is ordinarily confined to

items of damage which are readily ascertainable and not in serous dispute. If the claimed damages are the subject of a legitimate dispute, then a judge in the criminal division of the court should refrain from assessing them as an item of restitution.

Under these circumstances the victim's claim must properly be pursued in the civil division of the court since defendant is entitled to a jury trial with regard to such damages and it is the type of claim which is not appropriately handled in the criminal division of the court as a matter of restitution. In this regard it is to be noted that the victim's physical injuries seem to be of a minimal nature, based upon the medical expenses involved, and it is conceivable that a jury in a civil case might use this factor in determining that lost earnings over a period of five months is not related to those injuries but rather is related to economic factors. The court is not suggesting that this is the outcome which a jury would reach, but is merely pointing out that such a result is legally possible. Therefore, if the victim desires to pursue the matter of lost income against defendant, he should institute appropriate proceedings in the civil division of the court.

## ORDER

And now, July 14, 1980, based upon the foregoing memorandum, it is hereby ordered that defendant Melvin Donald Shady be ordered to pay restitution to the victim William Charles Council in the amount of $45.19, and further that the victim's request for attorney's fees in the amount of $50 and loss of income in the amount of $1,886 be denied on the basis that these items do not properly come within the provisions of section 1321 of the Crimes Code.